UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DOZIER,<br><br>    Plaintiff,<br><br>    v.<br><br>HARNAM SINGH, individually and as Trustee of the Harnam and Amarjit Singh 2006 Trust dated, February 3, 2006, et al.,<br><br>    Defendants. | No.  1:23-cv-00736 DAD AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for default judgment. ECF No. 19. This motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  The matter was set to be heard on the papers. ECF No. 20.  Defendants did not file an opposition or take any action in this case.  For the reasons stated below, the court recommends that plaintiff's motion be granted.

**I.     Relevant Background**

As stated in his complaint, plaintiff is an 80-year-old person with physical disabilities, including limited ability to walk; he requires the use of a ride-on scooter daily. ECF No. 1 at 1-3. Defendants Harnam Singh and Amarjit Singh are alleged to be natural persons who are each a Trustee of the Harnam and Amarjit Singh 2006 Trust dated February 3, 2006, which owns, manages, or is otherwise responsible for the property at address 2101 W Rumble Road in

1

1  Modesto, California ("the Property") where the Sunny's Food Mart is located.  Id. at 1-2.
2  Plaintiff asserts that Sunny's Food Mart is a facility open to the public, a place of public
3  accommodation for nonresidential use, and a business establishment.  Id. at 3, 5.

4  Plaintiff lives less than two miles from Sunny's Food Mart and visited the Property on
5  April 14, 2023 to purchase gas.  Id.  Plaintiff paid for his gas with cash and had to go inside the
6  store to receive change from the cashier.  Id.  at 3.  Plaintiff alleges he encountered many
7  accessibility problems.  Plaintiff noted that from the public way sidewalk to the entrance of
8  Sunny Food Mart there is no accessible path of travel; the only option is to go through the
9  vehicular way, which has large gaps that are alleged to be greater than ½ an inch wide as well as
10 cross slopes alleged to be greater than 2%.  Id. at 3-4.  Plaintiff found that the accessible parking
11 is defective because there is no blue striping outline on the perimeter of the access aisle, there is
12 no "NO PARKING" lettering in the access aisle, the purportedly accessible spot has steep slopes
13 that are alleged to be greater than 2%, and there is no accessible path of travel from the access
14 aisle to the Sunny Food Mart.  Id. at 4.  Finally, plaintiff noted that the area under the pull-side of
15 the entrance door does not have a smooth bottom surface extending out at least the length of the
16 width of the door.  Id.  Plaintiff enjoys the goods and services offered at the Property and will
17 return to the Property once the barriers are removed.  Id.  at 5.
18 On May 12, 2023, plaintiff filed this action alleging violations of the Americans with
19 Disabilities Act, 42 U.S.C. § 12101, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code §
20 51-53.  ECF No. 1.  The summons and complaint were timely served on defendants.  ECF Nos. 4,
21 5.  The clerk entered default as to all defendants.  ECF No. 7.  On March 26, 2024, plaintiff
22 moved for default judgment.  ECF No. 19.  The motion for default judgment was served on all
23 defendants.  ECF No. 19-11.  Defendants did not appear to oppose the motion, and have not
24 otherwise appeared or taken any action in this case.

25                              **II.    Motion**

26 Plaintiff moves for default judgment on all counts and seeks injunctive relief, statutory
27 damages, attorneys' fees, litigation expenses, and costs.  ECF No. 19-10.
28 ////

### III. Analysis

A. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D.

3

Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

B. The Eitel Factors

a. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

b. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Plaintiff brings claims under the American's with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and the Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("UCR"). The merits of each of these claims are assessed below.

1. ADA Claim (First Cause of Action)

"Title III of the ADA prohibits discrimination in public accommodations...." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1263 (9th Cir. 2015). The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). Discrimination, in this context, includes "a failure to remove architectural

////

barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff alleges multiple types of discrimination in this case, resulting from defendants' failure to provide adequate accessible parking spaces, and accessible entry to the Property. First, defendants failed to remove architectural barriers where such removal was readily achievable, in violation of 42 U.S.C. § 12182(b)(2)(A)(iv). Second, defendants failed to design and construct a facility accessible to individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(1). Third, defendants failed to make an altered facility accessible in violation of 42 U.S.C. § 12183(a)(2). Finally, plaintiff failed to maintain accessible features as per 28 C.F.R. Part 36.211.

The facts alleged in plaintiff's complaint adequately detail the claimed violations, and taken as true, support plaintiff's ADA claim. ECF No. 1. The Americans with Disabilities Act Accessibility Guidelines, found in the ADA's implementing regulations at 28 C.F.R. Part 36 ("ADAAG") has been held by the Ninth Circuit to provide the "objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011). Plaintiff alleges the path to the Property involved excessive slopes and gaps, making it difficult to navigate to the building from the parking area. ECF No. 1 at 4. Plaintiff also alleges there was no proper accessible parking. Id. The merits of plaintiff's case thus favor entry of default judgment.

*2. The Unruh Act (Second Cause of Action)*

Under California's Unruh Act, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990...shall also constitute a violation of this section." Cal. Civ. Code § 51(f). In addition, the Unruh Act independently prohibits discrimination, if it is done in contravention of Section 51. Cal. Civ. Code § 52(a). Section 52(a) provides for statutory damages of no less than $4,000 for each violation, and attorney's fees. Id. Because plaintiff has shown that defendants are in violation of Title III of the ADA, specifically, the failure to provide accessible parking, he has also shown that defendants are in violation of the Unruh Civil Rights Act. Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("a

violation of the ADA is, per se, a violation of the Unruh Act"). Plaintiff is therefore entitled to a default judgment on this claim.

### c. Factor Four: The Sum of Money at Stake in the Action

Under this Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176–77. Plaintiff seeks $8,000.00 of the statutory minimum damages, for one visit and one deterrence/one additional visit facing those barriers, $6,854.00 in attorney's fees, and $1,146.00 in costs for a total of $16,000.00. ECF No. 19-1 at 8. The complaint offers no information about the defendants' financial condition, so the court cannot tell if this is a significant amount of money to defendants. However, there is no evidence that defendants took any action after being served with the summons and complaint in order to avoid a judgment of this size. This factor accordingly weighs in favor of a default judgment.

### d. Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

### e. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Plaintiff served the defendants with the summons and complaint. ECF Nos. 4, 5. Moreover, plaintiff served defendants by mail with notice of its application for default judgment. ECF No. 19-11. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed

to defend themselves in this action. Thus, the record supports a conclusion that the defendants have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

        f. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits-and consistent with existing policy would prefer that this case be resolved on the merits-that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendants and makes a recommendation to that effect. What remains is the determination of the amount of damages to which plaintiff is entitled.

C. Terms of Judgment

Plaintiff requests statutory damages and attorney's fees under Title III of the ADA and the Unruh Civil Rights Act, along with injunctive relief.

    1. Attorney's Fees

Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium). The hourly rate is generally calculated "according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). It is also the general rule that the court will use the rates of attorneys practicing in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests attorney fees at an hourly rate of $356.98 for 19.20 hours of work totaling $6,854.00 in legal fees. ECF No. 11-1 at 9. Counsel Richard Morin provided an itemized statement with time entries for himself and another attorney, Bryce Fick. ECF No. 19-7.

Morin has been practicing law since 2013 (ECF No. 19-5) and Fick has been practicing law for since 2018 (ECF No. 19-3).  Courts in the Eastern District repeatedly have found rates in the $250 to $350 per hour range to be a reasonable rate for attorneys with less than fifteen years of experience bringing actions under the ADA.  See Whitaker v. Sheikh, 2022 WL 1262023, at *10 (E.D. Cal. Apr. 28, 2022) (awarding an hourly rate of $300 is appropriate for founding partner, an hourly rate of $250 for an attorney who has practiced law for more than 10 years, and $150 for an attorney who has practiced law for "more than five years"); Johnson v. Sweet Spark, Inc., 2020 WL 1324507, at *5 (E.D. Cal. March 20, 2020) (finding reasonable hourly rates of $300 for partners, $250 for senior attorneys, and $150 for junior attorneys) (citing Johnson v. Hey Now Properties, LLC, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019)); Johnson v. Wen Zhi Deng, 2019 WL 1098994, at *2 (E.D. Cal. Mar. 8, 2019) ("[T]he rates outlined in Hey Now Properties are the appropriate, prevailing rates in this district ....").  Based the affidavits presented (ECF Nos. 19-5, 19-7), the undersigned finds a rate of $300 per hour is the appropriate rate under the circumstances, and that the billed hours are reasonable, justifying a total fee award of $5,760.

Plaintiff also seeks $1,146.00 in costs and litigation expenses.  ECF No. 19-1 at 8.  Section 12205 of the ADA provides that a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA.  See Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002).  The costs here include expenses for the court filing fee, costs of service, and an expert witness investigator fee, which are compensable pursuant to 42 U.S.C. § 12205 and Lovell, 303 F.3d at 1058.  ECF No. 19-1 at 10.  Plaintiff's request for costs in the amount of $1,146.00 for litigation costs and expenses is appropriate.

Accordingly, the undersigned will recommend that plaintiff be awarded a total of $5,760.00 in attorney's fees, along with $1,146.00 in filing fees and costs.

      2.  *Statutory Damages*

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation.  Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F.

8

Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). Plaintiff asserts that he is entitled to $8,000.00, in statutory damages pursuant to the Cal. Civ. Code § 52(a). ECF No. 19-1 at 8. However, plaintiff's complaint does not allege multiple attempted visits; the complaint states only that plaintiff visited the Property once, on April 14, 2023. ECF No. 1 at 4. Plaintiff has sufficiently alleged facts indicating that he visited the Property on one occasion and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered. ECF No. 1. Thus, plaintiff is entitled to $4,000 in statutory damages, rather than the requested $8,000. Guedoir, 218 F. Supp. 3d at 1103.

### 3. Injunctive Relief

Plaintiff's complaint seeks an injunction requiring defendants to make changes and accommodations at the subject facility in a manner that achieves compliance with federal and state regulations. ECF No. 19-1 at 4. As the factual allegations in the complaint are taken as true, plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

## IV. Conclusion

For the reasons explained above, it is hereby RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (ECF No. 19) be GRANTED;

2. The court enter judgment against the defendants on the complaint's claims in the amount of $10,906.00 (comprising $4,000 in statutory damages, $5,760.00 in attorney's fees and $1,146.00 in costs);

3. Defendants make changes and accommodations at the subject Property, Sunny's Food Mart, located at 2101 W Rumble Road in Modesto, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

4. This case be closed.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 5, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE